Filed          21-CI-03201     10/22/2021     Vincent Riggs, Fayette Circuit Clerk
A true copy attest     21-CI-03201     10/22/2021     /s/Vincent Riggs, Fayette Circuit Clerk

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

ROGER GILLISPIE                                                    PLAINTIFF

v.

YOKUB AKRAMOV
**Serve via Kentucky Secretary of State**:
Yokub Akramov
801 Caset Ct., #H
Bel-Air, MD 21014

and

AAA BROTHERS AND CO., LLC                                         DEFENDANTS
**Serve via Kentucky Secretary of State**:
Asadbek Ozodbekov, Registered Agent
2452 Chateau Loop
Kissimmee, FL 34741

---

## COMPLAINT

---

Plaintiff, Roger Gillispie, for his Complaint against Defendants, Yokub Akramov and AAA

Brothers and Co., LLC, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Roger Gillispie, is a citizen and resident of the Commonwealth of Kentucky,

residing at 3728 Cynthiana Rd., Georgetown, KY 40324.

2.      At all relevant times, Defendant, Yokub Akramov ("Defendant Akramov"), is a

citizen and resident of the State of Maryland, residing at 801 Caset. Ct. #H, Bel-Air, MD 21014, who

can receive service at this address through the Kentucky Secretary of State.

1

Filed          21-CI-03201     10/22/2021     Vincent Riggs, Fayette Circuit Clerk
A true copy attest     21-CI-03201     10/22/2021     /s/Vincent Riggs, Fayette Circuit Clerk

Package: 000003 of 000026          Presiding Judge: HON. ERNESTO M. SCORSONE (622298)          Package: 000003 of 000026

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk
A true copy attest      21-CI-03201      10/22/2021      /s/Vincent Riggs, Fayette Circuit Clerk

3.      At all relevant times, Defendant, AAA Brothers and Co., LLC. ("Defendant AAA Brothers and Co."), is a Florida company established and existing under the laws of the State of Florida, with its principal place of business located at 2452 Chateau Loop, Kissimmee, FL 34741.

4.      Upon information and belief, Defendant AAA Brothers and Co. has designated Asadbek Ozodbekov as its registered agent of process, who can receive service at 2452 Chateau Loop, Kissimmee, FL 34741.

5.      At all relevant times, Defendant Akramov was the employee, agent, servant, and/or statutory employee for Defendant AAA Brothers and Co., operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant AAA Brothers and Co.  Accordingly, Defendant AAA Brothers and Co. is vicariously liable for the acts of Defendant Akramov.

6.      The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

7.      Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Lexington, Fayette County, Kentucky.

### COUNT I – COMMON LAW NEGLIGENCE
### AGAINST DEFENDANTS AKRAMOV AND AAA BROTHERS AND CO.

8.      On or about January 23, 2021, in Lexington, Fayette County, Kentucky, Defendant Akramov was operating a 2021 Freightliner tractor with a trailer and was heading northbound on Newtown Pike approaching the intersection with Stanton Way.

9.      Upon information and belief, the 2021 Freightliner tractor-trailer was operated by Defendant Akramov on behalf of his employer, Defendant AAA Brothers and Co.

10.     As Defendant Akramov was traveling northbound on Newtown Pike, he stopped in the right travel lane at the intersection with Stanton Way to attempt a U-Turn onto southbound

2

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk
A true copy attest      21-CI-03201      10/22/2021      /s/Vincent Riggs, Fayette Circuit Clerk

Filed         21-CI-03201        10/22/2021        Vincent Riggs, Fayette Circuit Clerk
A true copy attest       21-CI-03201       10/22/2021          /s/Vincent Riggs, Fayette Circuit Clerk

Newtown Pike towards the interstate. Defendant Akramov failed to observe oncoming northbound traffic before turning left, causing a 2000 Toyota Tundra, in which Plaintiff was the restrained driver, to collide with Defendant Akromov's trailer.

11.    Defendant Akramov operated the 2021 Freightliner tractor-trailer in a negligent, careless, and reckless manner, causing serious injuries to Plaintiff, for which Defendant AAA Brothers and Co. vicariously liable.

12.    As a direct and proximate result of the gross negligence and carelessness of Defendants Akramov and AAA Brothers and Co., the Plaintiff sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

**COUNT II – NEGLIGENCE *PER SE***
**AGAINST DEFENDANTS AKRAMOV AND AAA BROTHERS AND CO.**

13.    Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

14.    Defendant Akramov violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant AAA Brothers and Co. is vicariously liable.

3

Filed         21-CI-03201        10/22/2021        Vincent Riggs, Fayette Circuit Clerk
A true copy attest       21-CI-03201       10/22/2021          /s/Vincent Riggs, Fayette Circuit Clerk

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk
A true copy attest          21-CI-03201      10/22/2021          /s/Vincent Riggs, Fayette Circuit Clerk

15.     The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Akramov's violation of these statutes, for which Defendant AAA Brothers and Co. is vicariously liable.

16.     As a direct and proximate result of the negligence and/or negligence *per se* of Defendants, the Plaintiff sustained temporary and permanent injuries to his body causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT AAA BROTHERS AND CO.

17.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

18.     Defendant AAA Brothers and Co. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Akramov, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

19.     Defendant AAA Brothers and Co. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

20.     Defendant AAA Brothers and Co. was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

21.     Defendant AAA Brothers and Co. violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were

Package : 000006 of 000026          Presiding Judge: HON. ERNESTO M. SCORSONE (622208)          Package: 000006 of 000026

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk
A true copy attest          21-CI-03201      10/22/2021          /s/Vincent Riggs, Fayette Circuit Clerk

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk
A true copy attest      21-CI-03201      10/22/2021      /s/Vincent Riggs, Fayette Circuit Clerk

promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

22.      As a direct and proximate result of the negligence and/or negligence *per se* of the Defendants, the Plaintiff sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

### COUNT IV – PUNITIVE DAMAGES

23.      Defendant AAA Brothers and Co. and Defendant Akramov acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiff, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

24.      Defendant AAA Brothers and Co. and Defendant Akramov acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, as set forth above, so as to warrant the imposition of punitive damages.

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk
A true copy attest      21-CI-03201      10/22/2021      /s/Vincent Riggs, Fayette Circuit Clerk

Package : 000007 of 000026

Presiding Judge: HON. ERNESTO M SCORSONE (622298)

Package : 000007 of 000026

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk

A true copy attest      21-CI-03201      10/22/2021      /s/Vincent Riggs, Fayette Circuit Clerk

25.    The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants AAA Brothers and Co. and Akramov, and all others similarly situated.

**WHEREFORE**, Plaintiff, Roger Gillispie, demands judgment against Defendants Yokub Akramov and AAA Brothers and Co., Inc., as follows:

A.  A trial by jury on all issues of fact herein;

B.  For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C.  For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.  For Plaintiff's costs herein expended; and

E.  For any and all other relief to which the Plaintiff is entitled.

Package: 000008 of 000026

Presiding Judge: HON. ERNESTO M SCORSONE (622208)

Package: 000008 of 000026

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk

A true copy attest      21-CI-03201      10/22/2021      /s/Vincent Riggs, Fayette Circuit Clerk

Filed 21-CI-03201 10/22/2021 Vincent Riggs, Fayette Circuit Clerk
A true copy attest 21-CI-03201 10/22/2021 s/Vincent Riggs, Fayette Circuit Clerk

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Humana Health Plan
ATTN: Subrogation Department
P.O. Box 2257
Louisville, KY 40201

**RESPECTFULLY** submitted this 22nd day of October, 2021:

/s/ Shea W. Conley
SHEA W. CONLEY, ESQ.
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

Package:000009 of 000026

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

Package : 000009 of 000026

Filed 21-CI-03201 10/22/2021 Vincent Riggs, Fayette Circuit Clerk
A true copy attest 21-CI-03201 10/22/2021 s/Vincent Riggs, Fayette Circuit Clerk



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
12/29/2021 Case #: 21-CI-03201
904-68-8

Case #: 21-CI-03201

Court:   **CIRCUIT**

County:  **FAYETTE**

# CIVIL SUMMONS

---

*Plantiff,* **GILLISPIE, ROGER VS. AKRAMOV, YOKUB ET AL**, *Defendant*

TO:  **YOKUB AKRAMOV**
     **801 CASET CT., #H**
     **BEL AIR, MD 21014**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Vincent Riggs*

Fayette Circuit Clerk
Date: **10/22/2021**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
                                        Served By

   _____
                                        Title

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

CI : 000001 of 000001

Summons ID: @00001014991
CIRCUIT: 21-CI-03201 Long Arm Statute – SOS - Restricted Delivery
GILLISPIE, ROGER VS. AKRAMOV, YOKUB ET AL

Page 1 of 1



eFiled



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
12/29/2021
90468.8

Case #: 21-CI-03201

Court:   **CIRCUIT**

County: **FAYETTE**

# CIVIL SUMMONS

---

*Plaintiff,* **GILLISPIE, ROGER VS. AKRAMOV, YOKUB ET AL**, *Defendant*

TO:  **ASADBEK OZODBEKOV**

    **2452 CHATEAU LOOP**

    **KISSIMMEE, FL 34741**

Memo: Related party is AAA BROTHERS AND CO., LLC

The Commonwealth of Kentucky to Defendant:
**AAA BROTHERS AND CO., LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **10/22/2021**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____

                                       Served By

                                       _____

                                       Title

*Presiding Judge: HON. ERNESTO M. SCORSONE (622298)*

*CI : 000001 of 000001*

Summons ID: @00001014992
CIRCUIT: 21-CI-03201 Long Arm Statute – SOS - Restricted Delivery
GILLISPIE, ROGER VS. AKRAMOV, YOKUB ET AL



Page 1 of 1

**eFiled**

Filed          21-CI-03201     10/22/2021     Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

ROGER GILLISPIE                                                        PLAINTIFF

v.

YOKUB AKRAMOV

and

AAA BROTHERS AND CO., LLC                                   DEFENDANTS

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, AAA BROTHERS AND CO., LLC.

---

Comes the Plaintiff by counsel, and for his First Set of Interrogatories and Requests for Production of Documents to Defendant, AAA Brothers and CO., LLC., states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1**: Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2**:  Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER**:

**INTERROGATORY NO. 3**:  Please state the name and address of the owner of the semi-tractor trailer and attached trailer that was involved in the incident described in the Plaintiff's Complaint for damages.

1

Filed          21-CI-03201     10/22/2021     Vincent Riggs, Fayette Circuit Clerk

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000001 of 000012

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**ANSWER**:

**INTERROGATORY NO. 4**:  Please state the full name, address, date of birth, employer, and social security number of the driver of the semi-tractor trailer rig involved in the incident in question.

**ANSWER**:

**INTERROGATORY NO. 5**:  Please state whether the person listed in the interrogatory above was employed by AAA Brothers and CO., LLC.  on the date of the collision. If so, describe his position and when he began working for AAA Brothers and CO., LLC..

**ANSWER**:

**INTERROGATORY NO. 6**:  If Yokub Akramov was <u>not</u> acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address, and employer of each and every person who has knowledge of such information.

**ANSWER**:

**INTERROGATORY NO. 7**:  Immediately following the incident of January 23, 2021, please state:

> a. The person at AAA Brothers and CO., LLC.  who was first notified of the accident?
> b. The date and time this person was notified?
> c. Whether anyone at AAA Brothers and CO., LLC.  created a written record of the accident, and if so, whom?
> d. Is this record kept in any Vehicle Accident Investigation File or its equivalent?
> e. Is this record kept in the ordinary course of business?
> **ANSWER**:

**INTERROGATORY NO. 8**:  Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of this circumstances surrounding the incident in question.

2

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000002 of 000012

Filed          21-CI-03201      10/22/2021          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**ANSWER**:

**INTERROGATORY NO. 9**:  Has AAA Brothers and CO., LLC., or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER**:

**INTERROGATORY NO. 10**: At the time of the incident in question, list any insurance, excess insurance, "umbrella" coverage, general liability insurance, and other insurance in effect for AAA Brothers and CO., LLC.  and for the owner of the trailer.

**ANSWER**:

**INTERROGATORY NO. 11:** Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address, and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

**INTERROGATORY NO. 13:**  Identify any nonparty who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party.

**ANSWER**:

3

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000003 of 000012

Filed          21-CI-03201   10/22/2021          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**INTERROGATORY NO. 14**:  Other than the incident at issue, please list all other incidents involving alleged personal injury in which the driver identified in Interrogatory No. 4 above, has been involved, either as an operator or passenger.

**ANSWER**:

**INTERROGATORY NO. 15:**  Did the driver in this case, complete an application for employment or any paperwork prior to employment by AAA Brothers and CO., LLC.?

**ANSWER**:

**INTERROGATORY NO. 16**: What maintenance has been performed on the tractor **or** trailer of the subject vehicle for the six (6) months prior to the collision. For each such maintenance, please list the following:

1. What prompted the maintenance visit;
2. Who performed the maintenance;
3. Who diagnosed the necessity for maintenance;
4. What diagnosis was rendered;
5. When were the repairs performed;
6. What, if any, parts were replaced; and,
7. Did the problem reoccur? If so, when?
**ANSWER**:

**INTERROGATORY NO. 17:**  Describe the load when the tractor trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

**ANSWER**:

**INTERROGATORY NO. 18:** Is there a bill of lading or any other document describing in detail, the entire load packaged in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

**ANSWER**:

4

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000004 of 000012

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**INTERROGATORY NO. 19:** Did AAA Brothers and CO., LLC. inspect the semi-tractor trailer rig at the inception of the lease or contract?

**ANSWER**:

**INTERROGATORY NO. 20**: Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

**ANSWER**:

**INTERROGATORY NO. 21:** Describe and explain in detail the method of calculating Yokub Akramov's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

**ANSWER**:

**INTERROGATORY NO. 22**: Who at AAA Brothers and CO., LLC. verified Yokub Akramov was in compliance with federal safety regulations?

**ANSWER**:

**INTERROGATORY NO. 23:** Describe all training that AAA Brothers and CO., LLC. provides or requires for its drivers/operators.

**ANSWER**:

**INTERROGATORY NO. 24:** At the time of this incident, was the cab equipped with a satellite communication device or e-mail capability, including a Qualicomm system such as SensorTRACS, TrailerTRACS, ViaWeb JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

**ANSWER**:

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000005 of 000012

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**INTERROGATORY NO. 25**:  List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Mack, Caterpillar) and the year it was made.

**ANSWER**:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST NO. 1**:  Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

**REQUEST NO. 2**:  Please produce the accident register maintained as required by federal regulations.

**RESPONSE**:

**REQUEST NO. 3**:  If ISO certified, please produce all ISO Certification documents.

**RESPONSE**:

**REQUEST NO. 4**:  Please produce all documents prepared concerning all inspections.

**RESPONSE**:

**REQUEST NO. 5**:  Please produce all leases and contracts that were in effect for the cab and trailer.

**RESPONSE**:

**REQUEST NO. 6**:  Please produce the entire personnel file of Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 7**:  Please produce the entire qualification file of Yokub Akramov.

**RESPONSE**:

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000006 of 000012

6

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**REQUEST NO. 8**:  Please produce the entire drug and alcohol file of  Yokub Akramov including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty, drug and alcohol testing results.

**RESPONSE**:

**REQUEST NO. 9**:  Please produce the entire safety performance history file for Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 10**: Please produce any other file kept concerning Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 11**:  Please produce any and all payroll and benefit records for Yokub Akramov for five (5) years prior to the collision to one (1) year after.

**RESPONSE**:

**REQUEST NO. 12**: Please produce any and all cancelled checks of any kind paid to Yokub Akramov for twelve (12) months prior and six (6) months after the collision.

**RESPONSE**:

**REQUEST NO. 13**: Please produce all logs—official or unofficial—of Yokub Akramov for the six (6) months before the collision and for thirty (30) days after the collision.

**RESPONSE**:

**REQUEST NO. 14**:  Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Yokub Akramov for the five (5) years prior to the collision.

**RESPONSE**:

**REQUEST NO. 15**:  Please produce all records of Yokub Akramov for the seven (7) days prior to the collision and for the day of the collision. Specifically, produce the following materials, as

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000007 of 000012

7

Filed          21-CI-03201   10/22/2021      Vincent Riggs, Fayette Circuit Clerk
NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation

of "supporting documents":

A. Bills of lading;
B. Carrier pros;
C. Freight bills;
D. Dispatch records;
E. Driver call-in records;
F. Gate record receipts;
G. Weight/scale tickets;
H. Fuel billing statements;
I. Toll receipts;
J. International registration plan receipts;
K. International fuel tax agreement receipts;
L. Trip permits;
M. Lessor settlement sheets;
N. Port of entry receipts;
O. Cash advance receipts;
P. Delivery receipts;
Q. Lumber receipts;
R. Interchange and inspection reports;
S. Over/short and damage reports;
T. Agricultural inspection reports;
U. Commercial Vehicle Safety Alliance reports;
V. Accident reports;
W. Telephone billing statements;
X. Credit card receipts;
Y. Driver fax reports;
Z. On-board computer reports;
AA. Border crossing reports;
BB. Custom declarations;
CC. Traffic citations;
DD. Overweight/oversize reports and citations;
EE. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**RESPONSE**:

Filed          21-CI-03201      10/22/2021      Vincent Riggs, Fayette Circuit Clerk

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000008 of 000012

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**REQUEST NO. 16**:  Please produce any and all cellular and telephone records and bills of the Defendant for the day of the collision and seven (7) days prior.

**RESPONSE**:

**REQUEST NO. 17**:  Please produce any and all credit card bills and receipts for Yokub Akramov the month the collision occurred.

**RESPONSE**:

**REQUEST NO. 18**: Please produce copies of any and all fuel tax reports of Yokub Akramov for the year of this collision.

**RESPONSE**:

**REQUEST NO. 19**:  Please produce any and all state audits of Yokub Akramov for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 20**: Please produce any and all federal accident reports filed by Yokub Akramov the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 21**: Please produce any and all DOT inspection reports filed by Yokub Akramov for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 22**: Please produce any and all long form DOT physicals of Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 23**: Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Yokub Akramov for the month of this collision.

9

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

**RESPONSE**:

**REQUEST NO. 24**:  Please produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one (1) year prior.

**RESPONSE**:

**REQUEST NO. 25**:  Produce a copy of all contracts or leases in effect on the date of the collision for the tractor and trailer involved in the collision.

**RESPONSE**:

**REQUEST NO. 26**: Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or any time after.

**RESPONSE**:

**REQUEST NO. 27**:  Produce copies of any documentation evidencing the completion or noncompletion of training programs and driver orientation programs by Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 28**: Produce copies of any and all satellite communications and e-mails for the day of the collision and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

    a. trip distance
    b. total vehicle driving time
    c. load factor
    d. vehicle speed limit
    e. maximum vehicle speed recorded
    f. number of hard brake incidents
    g. current engine speed (rpm)
    h. maximum and minimum cruise speed limits
    i. total vehicle driving distance
    j. fuel consumption (gal./hr.)
    k. idle time
    l. engine governed speed
    m. maximum engine speed recorded

10

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000010 of 000012

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

n. current throttle position
o. brake switch status (on/off)
p. odometer
q. trip driving time
r. overall fuel economy (mpg)
s. average driving speed
t. number of engine overspeeds
u. number of vehicle overspeeds
v. current vehicle speed (mph)
w. clutch switch status (on/off)
x. clock

**RESPONSE**:

**REQUEST NO. 29**: Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

**RESPONSE**:

**REQUEST NO. 30**: Please produce a copy of the completion or noncompletion of any safe driving programs by Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 31**: Please produce a copy of the driver manual or handbook issued to Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 32**: Please produce a copy of the company safety rules issued to Yokub Akramov.

**RESPONSE**:

**REQUEST NO. 33**: Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of January 23, 2021.

**RESPONSE**:

11

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:18 PM
90489-8

RESPECTFULLY submitted this 22nd day of October, 2021:

> /s/ Shea W. Conley
> SHEA W. CONLEY
> Morgan & Morgan, Kentucky, PLLC
> 333 West Vine Street, Suite 1200
> Lexington, KY 40507
> Telephone: (859) 286-8364
> Facsimile: (859) 899-8108
> sconley@forthepeople.com
> *Counsel for Plaintiff*

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000012 of 000012

12

Filed          21-CI-03201   10/22/2021      Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:38 PM
90489-8

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO.: 21-CI-_____
DIVISION _____
*Electronically Filed*

ROGER GILLISPIE                                                                 PLAINTIFF

v.

YOKUB AKRAMOV

and

AAA BROTHERS AND CO., LLC                                          DEFENDANTS

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, YOKUB AKRAMOV

---

Comes the Plaintiff by counsel, and for his First Set of Interrogatories and Requests for Production of Documents to Defendant, Yokub Akramov, states as follows:

**INTERROGATORIES**:

**INTERROGATORY NO. 1**: Where were you coming from and where were you going at the time of the accident as alleged in the Complaint?

**ANSWER**:

**INTERROGATORY NO. 2**: State your purpose in driving to the destination indicated in the interrogatory above.

**ANSWER**:

**INTERROGATORY NO. 3**: Describe the exact route that you followed from the point where your trip commenced to the point where the accident occurred.

**ANSWER**:

**INTERROGATORY NO. 4**: Describe in detail how the accident occurred. If there is more

1

Filed          21-CI-03201   10/22/2021      Vincent Riggs, Fayette Circuit Clerk

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000001 of 000005

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:38 PM
90489-8

than one version, describe separately and its source.

**ANSWER**:

**INTERROGATORY NO. 5**:  State the full name and address of each person who witnessed or claims to have witnessed the accident.

**ANSWER**:

**INTERROGATORY NO. 6**:  State the full name and address of each person not named in the interrogatory above who was present or claims to have been present at the scene or immediately before, at the time of, or immediately after the accident.

**ANSWER**:

**INTERROGATORY NO. 7**:  Did you give a statement, oral, or written to anyone concerning the incidents as alleged in this suit? If so, state the name and address of such person taking such statement.

**ANSWER**:

**INTERROGATORY NO. 8**:  State the condition of the roads and the weather at the time of the accident as alleged in this suit.

**ANSWER**:

**INTERROGATORY NO. 9**:  Give the name of all insurance carriers, the policy numbers, and the monetary limits of liability coverage that were in effect for the tractor and trailer at the time of the collision.

**ANSWER**:

**INTERROGATORY NO. 10**: Were you employed within the last six (6) months prior to the collision. Please state the place of your employment, supervisors, type of work, and the length of time you were employed at each place of employment.

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000002 of 000005

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:38 PM
90489-8

**ANSWER**:

**INTERROGATORY NO. 11:** Identify as to the name and address of each person you expect to call as an expert witness at trial and state the subject matter in which each expert witness is expected to testify.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

**INTERROGATORY NO. 13:** Has any person whose name is contained in the Answer to the above Interrogatory given a written or recorded statement to your or your agent, if so, please state the name and address of such person, and the name and address of the person who has the present custody or control of each statement.

**ANSWER**:

**INTERROGATORY NO. 14**: List any and all items you intend to offer as exhibits at trial and describe each and explain how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 15:** Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 16**: Have you, your agent, your attorneys, insurance company,

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000003 of 000005

3

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:38 PM
90489-8

or anyone on your behalf requested and/or received any information from any computer information source or center concerning the Plaintiff in this suit? If so, please state the name, address, and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, and job title of the person so ordering the information, and the name of the information source or center used.

**ANSWER**:

**INTERROGATORY NO. 17:**  State whether there has been a surveillance of Plaintiff activities from the date of the incident(s) referred to in Plaintiff complaint to the present, and if so state:

(a) The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

(b) Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

(c) Whether Defendant is in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

**ANSWER**:

**INTERROGATORY NO. 18:** Please state whether you completed a driver's accident report form detailing the incident of January 23, 2021?

**ANSWER**:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST NO. 1**:   Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

4

NOT ORIGINAL DOCUMENT
12/29/2021 01:32:38 PM
90489-8

**RESPONSE**:

**REQUEST NO. 2**:  Produce copies of any and all vehicle insurance policies listed above.

**RESPONSE**:

**REQUEST NO. 3**:  Please produce copies of all photographs, video tapes, slides and motion pictures in Defendant's possession which are relevant to the allegations of Plaintiff's Complaint and Defendant's Answer and defense.

**RESPONSE**:

**REQUEST NO. 4**:  Please produce copies of all photographs, slides or motion pictures, video tapes, surveillance reports or other information identified in Interrogatory number 17 above.

**RESPONSE**:

**REQUEST NO. 5**:  Please produce any logs kept official or unofficial for the month of the collision and six (6) months prior.

**RESPONSE**:

**REQUEST NO. 6**:  Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of January 23, 2021.

**RESPONSE**:

RESPECTFULLY submitted this 22nd day of October, 2021:

*/s/ Shea W. Conley*
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

IRPD : 000005 of 000005

Filed         21-CI-03201   12/02/2021         Vincent Riggs, Fayette Circuit Clerk
NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. 21-CI-03201

ROGER GILLISPIE                                                              PLAINTIFF

v.                          ANSWER TO COMPLAINT
                            *Electronically Filed*

YOKUB AKRAMOV and
AAA BROTHERS AND CO., LLC                                          DEFENDANTS

* * * * *

Come the Defendants, Yokub Akramov and AAA Brothers and Co., LLC, by counsel, and for their answer to Plaintiff's complaint, state as follows:

FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

SECOND DEFENSE

The complaint may be barred by the applicable statute of limitations, depending upon the actual date of the subject accident, the accrual date of Plaintiff's cause of action and all relevant statutory and common law.

THIRD DEFENSE

1.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraph 1 of the complaint, and therefore deny same.

2.      Defendants admit that Defendant Akramov is a resident of the state of Maryland as alleged in numbered paragraph 2 of the complaint.  Defendants do not

ANS : 000001 of 000010

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

answer to the statements of law contained within said paragraph in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

3.      Defendants admit so much of numbered paragraph 3 as states that Defendant AAA Brothers and Co., LLC is a Florida company established and existing under the laws of the state of Florida.  Defendant denies that its principal place of business is in Kissimmee, Florida.

4.      Defendants admit the allegations contained in numbered paragraph 4 of the complaint as to AAA Brothers and Co.'s agent for service of process.

5.      Defendants admit that driver Akramov was operating a vehicle under the DOT authority of, for the benefit of, and in furtherance of the interest of, Defendant, AAA Brothers and Co. as set forth in numbered paragraph 5 of the complaint, but Defendants deny that Driver Akramov was an employee of Defendant AAA Brothers and Co. Defendants do not answer to the statements of law contained in said paragraph, in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

6.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in numbered paragraphs 6 and 7 of the complaint, and therefore deny same.  Defendants do not answer to the statements of law contained within said paragraphs as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

7.      Defendants admit so much of numbered paragraph 8, Count I as states that Defendant Akramov was operating a 2021 Freightliner tractor and trailer in Lexington, Fayette County, Kentucky on January 23, 2021.   Defendant is without sufficient

ANS : 000002 of 000010

Filed          21-CI-03201   12/02/2021          Vincent Riggs, Fayette Circuit Clerk
NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

information or knowledge to admit or deny the remaining allegations of said paragraph, and therefore deny same.

8.    Defendants admit that Defendant Akramov was operating the tractor-trailer under the DOT authority of Defendant AAA Brothers and Co. as set forth in numbered paragraph 9, Count I of the complaint.  Defendants deny that AAA Brothers and Co. was the employer of Defendant Akramov.

9.    Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 10, Count I of the complaint, and therefore deny same.

10.    Defendants deny any allegations of negligence stated or implied against them in numbered paragraphs 11 and 12, Count I of the complaint.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore deny same.  Defendants do not answer to the statements of law contained within said paragraphs, as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

11.    Defendants restate, adopt, and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 10 above in response to numbered paragraph 13, Count II of the complaint.

12.    Defendants deny any allegations or implications of negligence or statutory or regulatory violations set forth in numbered paragraphs 14, 15, and 16, Count II of the complaint.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of said paragraphs, and therefore deny same.  Defendants do

Filed          21-CI-03201   12/02/2021          Vincent Riggs, Fayette Circuit Clerk
4862-5982-2085, v. 1

ANS : 000003 of 000010

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

not answer to the statements of law contained within said paragraphs as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

13.     Defendants restate, adopt, and incorporate herein by reference all defenses previously stated in numbered paragraphs 1 through 12 above in response to numbered paragraph 17, Count III of the complaint.

14.     Defendants do not answer to the statements of law contained within numbered paragraphs 18 and 19, Count III of the complaint in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

15.     Defendants deny any allegations or implications of negligent hiring, training, supervision, entrustment, or otherwise negligent, careless, or reckless conduct as alleged in numbered paragraphs 20, 21, and 22, Count III of the complaint.  Defendants further deny any allegations of statutory or regulatory violations in said paragraphs. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in said paragraphs as to the cause, nature, extent, and duration of Plaintiff's claimed injuries and damages, if any, and therefore Defendants deny same.  Defendants do not answer to the statements of law contained within said paragraphs in that the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

16.     Defendants deny all allegations set forth against them in numbered paragraphs 23, 24, and 25, Count IV of the complaint.  Defendant does not answer to the statements of law contained within said paragraphs, as the Court is the only authority for the applicable law in this case, and such law shall speak for itself.

ANS : 000004 of 000010

Filed         21-CI-03201   12/02/2021         Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

## FOURTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of Plaintiff, Defendants rely upon same as a complete or partial bar to Plaintiff's complaint.

## FIFTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by the negligence of a third-party, named or unnamed in the complaint, Defendants rely upon same as a complete or partial bar to Plaintiff's complaint.

## SIXTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about in whole or in part by an act of God, Defendants rely upon same as a complete or partial bar to Plaintiff's complaint.

## SEVENTH DEFENSE

Defendants affirmatively state that if on the date and occasion complained of, the subject accident and Plaintiff's claimed injuries and damages, if any, were caused and brought about by an intervening and superseding cause, of which these Defendants had no control, Defendants rely upon same as a complete bar to Plaintiff's complaint.

Filed           21-CI-03201        12/02/2021        Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

## EIGHTH DEFENSE

Defendants affirmatively rely upon all applicable portions of Kentucky's Motor Vehicle Reparations Act (K.R.S. 304.39-010, *et seq.*) as complete bars to Plaintiff's complaint.

## NINTH DEFENSE

Defendants affirmatively state that to the extent that Plaintiff's lost wages and medical expenses have been paid or are payable by Plaintiff's basic reparations benefits carrier, the cause of action for recovery of such benefits belongs to said carrier, and Defendants rely upon same as a complete bar to those relevant portions of Plaintiff's claim.

## TENTH DEFENSE

Defendants affirmatively state that to the extent that Plaintiff has failed to mitigate his damages, Defendants rely upon same as a complete bar to those portions of Plaintiff's claim caused by such failure.

## ELEVENTH DEFENSE

Defendants affirmatively rely upon all defenses permitted pursuant to Kentucky's Rules of Civil Procedure 8.03 and 12.02 as complete bars to those relevant portions of Plaintiff's complaint.

## TWELFTH DEFENSE

Defendants assert the following affirmative defenses to the claim for punitive damages:

(1)     Plaintiff's complaint fails to state a cause of action against Defendants for punitive damages;

ANS : 000006 of 000010

Filed           4862-5982-2085, v. 1-CI-03201        12/02/2021        Vincent Riggs, Fayette Circuit Clerk

Filed            21-CI-03201      12/02/2021           Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

(2)     The claim of Plaintiff for punitive damages against Defendants cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution and under Section 2 of the Kentucky Constitution;

(3)     Alternatively, unless Defendants' liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, then the award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(4)     The claim of Plaintiff for punitive damages against Defendants cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(5)     The claim of Plaintiff for punitive damages against Defendants cannot be sustained because an award of punitive damages under Kentucky law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of the amount of punitive damages that a jury could impose, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(6)     The claim of Plaintiff for punitive damages against Defendants cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1)

4862-5982-2085, v. 1

ANS : 000007 of 000010

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of the terms and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution;

(7)     The claim of Plaintiff for punitive damages against Defendants cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Kentucky law would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

(8)     Any award of punitive damages based on anything other than Defendants' alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong; and

(9)     Alternatively, Defendants rely on KRS 411.184, as modified by <u>Williams v. Wilson</u>, Ky., 972 S.W.2d 260 (1998), as a bar to Plaintiff's punitive damages claim.

WHEREFORE, Defendants move for dismissal of the complaint against them, for their costs incurred herein, and for any and all other relief to which they may appear entitled.

Respectfully submitted,

DANIEL E. MURNER      (No. 82715)
ELIZABETH WINCHELL   (No. 92088)
LACEY FIORELLA         (No. 92006)
ESTEE E. ROSE          (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:     /s/Elizabeth Winchell_____
         COUNSEL FOR DEFENDANTS

ANS : 000009 of 000010

NOT ORIGINAL DOCUMENT
12/06/2021 11:42:56 AM
90489-8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Shea W. Conley                (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff*

Daniel E. Murner            (dmurner@landrumshouse.com)
Elizabeth Winchell          (ewinchell@landrumshouse.com)
Estee E. Rose               (erose@landrumshouse.com)
*Counsel for Defendants*


                    BY:     /s/Elizabeth Winchell_____
                            COUNSEL FOR DEFENDANTS

4862-5982-2085, v. 1

10

ANS : 000010 of 000010

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. 21-CI-03201

ROGER GILLISPIE                                                                PLAINTIFF

v.                          NOTICE OF SERVICE OF DISCOVERY
                            ***Electronically Filed***

YOKUB AKRAMOV and
AAA BROTHERS AND CO., LLC                                           DEFENDANTS

* * * * *

Defendants, Yokub Akramov and AAA Brothers and Co., LLC, hereby give notice

of service of requests for admission and interrogatories to Plaintiff, Roger Gillispie, under CR

33 and CR 36 on December 6, 2021.

Respectfully submitted,

DANIEL E. MURNER      (No. 82715)
ELIZABETH WINCHELL    (No. 92088)
LACEY FIORELLA        (No. 92006)
ESTEE E. ROSE         (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:      /s/Elizabeth Winchell_____
         COUNSEL FOR DEFENDANTS

4874-1307-4949, v. 1

D20E0D9D-4061-4C43-BF92-8640A385C015 : 000001 of 000002

SON    : 000001 of 000002

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner       (dmurner@landrumshouse.com)
Elizabeth Winchell     (ewinchell@landrumshouse.com)
Lacey Fiorella         (lfiorella@landrumshouse.com)
Estee E. Rose          (erose@landrumshouse.com)
*Counsel for Defendants*

I further certify that I mailed this document U.S. mail, first class, postage prepaid, to the following:

Shea W. Conley         (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff*

BY:     /s/Elizabeth Winchell
        COUNSEL FOR DEFENDANTS

Filed      21-CI-03201   12/02/2021      Vincent Riggs, Fayette Circuit Clerk
NOT ORIGINAL DOCUMENT
12/06/2021 11:45:45 AM
90489-8

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. 21-CI-03201

ROGER GILLISPIE                                                          PLAINTIFF

v.                    NOTICE OF ELECTION OF ELECTRONIC SERVICE
                              *Electronically Filed*

YOKUB AKRAMOV and
AAA BROTHERS AND CO., LLC                                        DEFENDANTS

* * * * *

Come the Defendants, Yokub Akramov and AAA Brothers and Co., LLC, by counsel, by counsel, and pursuant to CR 5.02(2), elect to "effectuate and receive service via electronic means."  The electronic notification addresses at which the undersigned attorneys agree to accept service are listed below.  Please include all e-mail addresses below to assure receipt of service.

    dmurner@landrumshouse.com
    ewinchell@landrumshouse.com
    erose@landrumshouse.com
    cames@landrumshouse.com
    tbarkley@landrumshouse.com

Please provide, in accordance with said rule, the electronic notification address at which counsel may be served.

NO : 000001 of 000002

NOT ORIGINAL DOCUMENT
12/06/2021 11:45:45 AM
90489-8

Respectfully submitted,

DANIEL E. MURNER        (No. 82715)
ELIZABETH WINCHELL    (No. 92088)
ESTEE E. ROSE              (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:    /s/Elizabeth Winchell_____
        COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

     I hereby certify that on the 2nd day of December 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner        (dmurner@landrumshouse.com)
Elizabeth Winchell      (ewinchell@landrumshouse.com)
Lacey Fiorella            (lfiorella@landrumshouse.com)
Estee E. Rose            (erose@landrumshouse.com)
*Counsel for Defendants*

Shea W. Conley          (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff*

BY:    /s/Elizabeth Winchell_____
        COUNSEL FOR DEFENDANTS

4879-0805-2997, v. 1

2

NO : 000002 of 000002

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. 21-CI-03201

ROGER GILLISPIE                                                          PLAINTIFF

v.                          NOTICE TO CIRCUIT COURT OF FILING OF
                                   NOTICE OF REMOVAL
                                   *Electronically Filed*

YOKUB AKRAMOV and
AAA BROTHERS AND CO., LLC                                          DEFENDANTS

* * * * *

You are hereby notified of the filing of the notice of removal in the United States

District Court for the Eastern District of Kentucky, Central Division at Lexington, of the

case of *Roger Gillispie v. Yokub Akramov and AAA Brothers and Co., LLC,* bearing Civil

Action Number 21-CI-03201 in the Circuit Court of Fayette County, Commonwealth of

Kentucky, all in accordance with provisions of 28 USC § 1446. Copies of said notice of

removal were filed and served herewith.


Respectfully submitted,

DANIEL E. MURNER       (No. 82715)
ELIZABETH WINCHELL   (No. 92088)
LACEY FIORELLA            (No. 92006)
ESTEE E. ROSE             (No. 99038)
LANDRUM & SHOUSE LLP
P. O. Box 951
Lexington, KY  40588-0951
Telephone:  (859) 255-2424

BY:    /s/Elizabeth Winchell
         COUNSEL FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of December 2021, the foregoing document was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, which will send notification of such filing to the following:

Daniel E. Murner     (dmurner@landrumshouse.com)
Elizabeth Winchell     (ewinchell@landrumshouse.com)
Lacey Fiorella     (lfiorella@landrumshouse.com)
Estee E. Rose     (erose@landrumshouse.com)
*Counsel for Defendants*

Shea W. Conley     (sconley@forthepeople.com)
MORGAN & MORGAN, KENTUCKY, PLLC
333 West Vine Street, Suite 1200
Lexington, KY  40507
*Counsel for Plaintiff*

BY:    /s/Elizabeth Winchell_____
         COUNSEL FOR DEFENDANTS

86D784FA-181D-454D-BFC0-CFAF61469398 : 000002 of 000002